UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JEFFREY PILGRIM                                                                          PLAINTIFF

VERSUS                                           CIVIL ACTION NO. 3:12cv427-TSL-JMR

MICHAEL J. ASTRUE                                                                  DEFENDANT
Commissioner, United States Social Security
Administration

## REPORT AND RECOMMENDATION

Plaintiff, Jeffrey Pilgrim ("Pilgrim") filed a [1] Complaint on June 25, 2012 for judicial review of Defendant Commissioner of Social Security's ("Commissioner") Denial of Pilgrim's application for disability benefits under the Social Security Act.  Before the Court is Pilgrim's [12] Motion for Summary Judgement filed on February 11, 2013, Defendant's Motion to Affirm the Commissioner's Decision [14] filed on April 12, 2013 and Plaintiff's Rebuttal [16] filed on April 26, 2013.

On March 22, 2010, Pilgrim filed his application for supplemental security income (SSI) and disability insurance benefits asserting that he had become disabled on September1, 2009. [10, pp.39-40,80,82].  After denial at the initial and reconsideration levels [10,pp.417-26], Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") [10,p.52].  The ALJ held a hearing on October 27, 2011 [10,pp.427-45] and subsequently issued a decision denying Plaintiff's

application on November 14, 2011[10,pp11-20]. The Appeals Council denied Plaintiff's request for review. The Court finds that Plaintiff has exhausted his administrative remedies and has timely filed this action in this Court. The matter is ripe for review under 42 U.S.C.§§405(g), 1383(c)(3).

Plaintiff who was 47 years old at the time of the ALJ's decision has a high school education and some vocation school [10,pp. 431-32], alleged he could not perform his past relevant work beginning on September 1, 2009 due to hernias, knee pain, and back pain [10,p 80]. The ALJ applied the five step sequential evaluation process [10,pp. 15-16]. At the first step, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 1, 2009, the alleged onset date [10,p 16]. The ALJ found at step two that Plaintiff had the following severe impairments: chronic lower back pain, multiple hernia repairs, osteoarthritis of the knees, and a history of deep venous thrombosis (DVT). At the third step, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments [10,p.16]. Thus, the ALJ found Plaintiff retained the residual functional capacity (RFC) to perform a reduced range of light work except that Plaintiff must not be required to stand more than occasionally [10,p.17]. In light of the RFC finding and vocational expert (VE) testimony, the ALJ found Plaintiff could perform his past relevant work as a customer service representative [ 10,p. 20]. Thus, the ALJ found Plaintiff not

disabled [10,p 20].

The "Commissioner's decision is granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commissioner made an error of law." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Substantial evidence is more than a mere scintilla but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Perez v.Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). Conflicts in the evidence are for the Commissioner, not the courts, to resolve. *Id*. Therefore, the Court "may not reweigh the evidence or substitute [its] judgment for that of the Commissioner." *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007).

The Social Security Act authorizes payment of DIB and SSI to persons with disabilities. *See* 42 U.S.C. §§ 423(a)(1)(E), 1382(a)(1); 20 C.F.R. §§ 404.315(a)(3), 416.202(a)(3) (2013). To determine whether a claimant is disabled, the Commissioner employs a five-step sequential evaluation process that places the ultimate burden of persuasion on Plaintiff to prove that he is disabled and to produce evidence in support of his claim. *See* 20 C.F.R. §§ 404.1512(a), 404.1520(a)(4), 416.912(a), 416.920(a)(4); *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992). The ALJ will find a claimant not disabled at step four of the process if the claimant can perform his or her past relevant work. 20 C.F.R. §§

404.1520(a)(4)(iv), 416.920(a)(4)(iv). The claimant bears the burden of showing he or she cannot perform past relevant work. *Anthony*, 954 F.2d at 293.

In the pending matter, after considering the VE's testimony, the ALJ determined that Plaintiff could perform his past relevant work, and therefore, he was not disabled [10,p 20]. *Leggett*, 67 F.3d at 565. Plaintiff's asserts that the ALJ's decision should be rejected because substantial evidence does not support the ALJ's consideration of the evidence considering the finding that Plaintiff could return to his past relevant work. [13 pp. 8-13].

At step two of the sequential evaluation process, the ALJ found Plaintiff had numerous severe impairments but in his determination did not recite the standard articulated by the Fifth Circuit in *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985) that construed the Commissioner's severity regulation, 20 C.F.R. §§ 404.1521, 416.921 [10,p. 15]. In *Stone*, the Fifth Circuit reviewed the Commissioner's denial of disability based on a finding of nonseverity at step two and held that an ALJ must reference *Stone* or the correct severity standard, which provides an "impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Id.* at 1101. However, the Government asserts that an ALJ is not required to reference *Stone* or the severity standard where the ALJ identifies severe

impairments and proceeds to the subsequent steps of the sequential evaluation process. *Constancio v. Shalala*, No. 94-50778, 1995 WL 337937, at *2 (5th Cir. May 25, 1995) ; *Carrillo v. Shalala*, No. 94-50602, 1995 WL 84543, at *2 (5th Cir. Feb. 17, 1995).  The Court finds that "*Stone* applies only when the court's disposition is on the basis of nonseverity." *Id*  In the pending matter, the ALJ found Plaintiff not disabled at step four of the sequential evaluation process [10,p. 20]. Thus, the Court finds that reference to *Stone* and its requirement was unnecessary. Moreover, Plaintiff does not identify any impairments omitted by the ALJ at step two [13, p.8], and this matter should not be remanded simply because the ALJ did not use the "magic words." *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986).

The Court further finds that substantial evidence presented  supports the ALJ's RFC finding that Plaintiff's impairments did not prevent him from occasionally standing and lifting 10 pounds frequently and 20 pounds occasionally [10,p 17], which would permit Plaintiff to perform his past sedentary work as a customer service representative [10,p 446].  The ALJ's RFC finding accounted for all limitations resulting from Plaintiff's multiple hernia surgeries, low back pain, knee pain, and DVT [10,pp 17-18].  In his determination, the ALJ considered Plaintiff's credibility and the opinions of Plaintiff's physicians.  *Hollis v. Bowen*, 837 F.2d 1378, 1386-1387 (5th Cir. 1988).  Plaintiff's contends [15 pp.10-12], the

ALJ did not consider the weightlifting limitations assessed in a medical source statement by Dr. David Moody regarding Plaintiff's contention that he could lift less weight. The Government asserts that Moody's opinion was not supported by treatment notes and was inconsistent with the evidence as a whole [10,p.19]. Dr. Moody served as Plaintiff's primary care physician for several years at Madden Medical Clinic [10,pp 116, 444]. The opinion of a treating physician who is familiar with a claimant's medical condition should generally be accorded considerable weight in determining disability. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)*; Perez*, 415 F.3d at 465-66. In fact, a treating physician opinion may even be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) ; *see also* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The ALJ is free to assign little or no weight to the opinion of any treating physician for good cause. *See Newton*, 209 F.3d at 455-56. Good cause arises where statements are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence. *Perez*, 415 F.3d at 466; *Newton*, 209 F.3d at 456. Consequently, treating physicians' opinions may be rejected when the evidence supports a contrary conclusion. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). Dr. Moody's opinion that Plaintiff could lift 20

pounds occasionally and 10 pounds frequently is consistent with the ALJ's RFC finding and is supported by the record [10,p.17,261].  However, the record did not support the remaining limitations in Dr. Moody's medical source statement. The Government asserts that contrary to Dr. Moody's opinion [10,p 234], substantial evidence supports the finding that Plaintiff could stand occasionally for approximately 2 hours in an 8-hour day and sit for approximately 6 hours. Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5 (1983).  The Government contends that Plaintiff's osteoarthritis of his knee and DVT in his legs caused some limitation such as increased walk time [10,pp 197, 357] and joint stiffness [10,pp 363, 398].  Treatment notes consistently indicate that Plaintiff walked with a normal gait, could walk up and down stairs, was in no acute distress, and often showed no joint instability [ 10,pp 185-86, 196, 200, 206, 209, 212, 215, 218, 221, 223, 356, 360, 364, 368, 373, 377, 381, 403, 408]. The Government further asserts that examining physician, Dr. Gary Gordon, observed that Plaintiff could ambulate without difficulty with no abnormal gait or limp [10 ,pp 169-70].  Hospital records presented  and Dr. Gordon's examination generally revealed unremarkable findings and a full range of motion in Plaintiff's knees and legs [10,pp.170, 237, 270, 313, 354].  Plaintiff reported that his knee pain was relieved by conservative treatment such as NSAIDs and ice [10,p 185], and also reported exercising [ 10,p.208] and engaging in "strenuous (*sic*) activity" [10,pp. 185,196, 359, 381, 397].  Plaintiff

testified that he stood on his feet "all day" in September of 2009 [10,p. 346]. Although Plaintiff testified exercise or standing exacerbated his joint pain, the Court finds that this testimony supports the ALJ's RFC finding that Plaintiff must not be required to stand more then occasionally. [10,p.171] Further, the ALJ found that Plaintiff's DVT was effectively treated with anticoagulants and caused few continuing limitations on his ability to walk even during periods of exacerbation. The ALJ found even when a blood clot caused inflammation of Plaintiff's left leg in 2009, Plaintiff retained a normal range of motion with no joint instability [10,pp 217-18, 223].

Although Plaintiff had occasional blood clots in his right leg in 2011 [ 10,pp 301, 374], follow-up inspections of Plaintiff's legs were normal and generally showed a normal range of motion and no joint instability, despite continuing his complaints of leg pain [10,pp 373, 377, 379, 384, 386]. The record indicates that Plaintiff's DVT improved quickly with treatment [10,pp. 260, 341, 387], and treatment notes indicate Plaintiff reported doing well while on his anticoagulant coumadin [10,pp. 200, 212, 214, 220, 370].

Although the ALJ accorded controlling weight to the opinion of treating physician Dr. Kevin Ward's opinion that Plaintiff's recurrent hernia should not be repaired except in an emergency situation [10, pp19, 234], the ALJ found no credible evidence that Plaintiff's hernia prevented him from working or limited

Plaintiff's ability to sit [10,p. 18]. Dr. Moody opined Plaintiff could sit for short periods due to his multiple hernias [10,pp 261-62]. Plaintiff complained of abdominal pain, however, Dr. Moody often described Plaintiff as in no acute distress [10,pp 182, 189-90]. Hospital records also document that Plaintiff was in no acute distress, despite complaints of abdominal pain due to his hernia [10,pp. 238, 276]. Further, Plaintiff indicated to Dr. Moody that he could "travel unlimited distances," suggesting an ability to sit for longer periods than suggested by Dr. Moody [10,pp. 261- 62, 378, 381, 397]. Although long periods of sitting reportedly exacerbated his knee pain, Plaintiff reported sitting for "extended" periods [10,p.]. Further, the Court finds that the record does not support the postural limitations assessed in Dr. Moody's medical source statement. Dr. Moody often noted no symptoms of back pain, muscle pain, or muscle weakness [10,pp 185, 196, 356]. Further, his examinations of Plaintiff's spine were generally unremarkable [10,p 204], with Plaintiff showing a stable lumbar and thoracic spine with a normal range of motion [10,pp 204, 373]. Dr. Gordon also found Plaintiff's range of motion in his back was full but slow due to pain, discomfort, and stiffness [10,p. 170]. Hospital records also document normal inspections of Plaintiff's back [10,pp. 253, 276, 313, 354]. The Court finds that substantial evidence supports the ALJ's decision to accord little weight to Dr. Moody's opinion, which was not supported by treatment notes and was inconsistent with the evidence as a whole.

The ALJ considered Plaintiff's allegations that he must lie down during the day but found Plaintiff not entirely credible [10,p. 18]. The ALJ has discretion to determine the disabling nature of Plaintiff's pain and other limitations, and the ALJ's determination is entitled to considerable deference. *Falco v. Shalala*, 27 F.3d 160, 163-64 (5th Cir. 1994). Here, substantial evidence supports the ALJ's credibility finding. Plaintiff reported exercising and engaging in strenuous activity, standing for extended periods, sitting for "extended periods," and traveling unlimited distances [ 10,pp. 185, 196, 261-62, 346, 359, 378, 381, 397]. Further, Plaintiff's testimony regarding his need to rest for an hour a day is undermined by observations in Plaintiff's treatment notes showing generally unremarkable inspections of Plaintiff's back and legs, except during period of exacerbation of his DVT, which generally responded quickly to anticoagulant medication [10,pp. 170, 200, 204, 214, 217-18, 220, 223, 237, 253, 260, 270, 276, 313, 341, 354, 370, 373, 377, 379, 384, 386- 87]. *See* SSR 96-7p, 1996 WL 374186, at *6 (1996). Objective medical evidence and observations are a useful indicator in making reasonable conclusions regarding the intensity and persistence of an individual's symptoms. *Id*

Accordingly, the Court finds that the substantial evidence supports the ALJ's RFC finding and that the ALJ 's final decision should be affirmed.


Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the Report and Recommendation that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 22nd day of January, 2014.

            */s/ John M. Roper, Sr.*
            CHIEF UNITED STATES MAGISTRATE JUDGE